Greg K. Hafif, Esq. (SBN 149515)
ghafif@hafif.com
Michael G. Dawson, Esq. (SBN 150385)
mgdawson@hafif.com
**LAW OFFICES OF HERBERT HAFIF, P.C.**
269 West Bonita Avenue
Claremont, CA  91711-4784
Telephone:  (909) 624-1671
Facsimile: (909) 625-7772

Larry A. Sackey (SBN 54474)
lsackey@sackeylaw.com
**LAW OFFICE OF LARRY A. SACKEY**
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA  90064
Telephone: (310) 575-4444
Facsimile: (310) 575-4520

William Litvak (SBN 90533)
wlitvak@drllaw.com
Eric P. Markus (SBN 281971)
emarkus@drllaw.com
**DAPEER, ROSENBLIT & LITVAK, LLP**
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA  90064
Telephone: (310) 477-5575
Facsimile: (310) 477-7090

Attorneys for Plaintiffs
ARMEN ABGARYAN, individually
and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ARMEN ABGARYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CUSTARD INSURANCE ADJUSTERS, INC., an Indiana corporation,<br><br>Defendant. | Docket No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF [CLASS ACTION]:**<br><br>**(1)  Violations of Fair Labor Standards Act [29 U.S.C., §§ 201 et seq.]**<br><br>**(2)  Unpaid Wages Due and Damages [Lab. Code §§ 204, 218.5, 223]**<br><br>**(3)  Failure to Pay Wages Due Upon Termination; Waiting Time Penalties [Lab. Code §§ 201, 203]** |

-1-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

(4)    **Failure to Provide an Accurate Itemized Wage Statement [Lab. Code § 226]**

(5)    **Breach of Written Contract;**

(6)    **Breach of Implied Covenant of Good Faith and Fair Dealing**

(7)    **Violation of Bus. & Prof. Code § 17200, et seq.**

(8)    **Unlawful Deductions from Wages - Wage Forfeiture [Lab. Code §§ 221, 2802]**

**DEMAND FOR A JURY TRIAL**

Plaintiff ARMEN ABGARYAN ("Plaintiff"), individually and on behalf of all others similarly situated as class representatives, by their attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## **JURISDICTION AND VENUE**

1.   Pursuant to 28 U.S.C. §§ 1331 and 1337, this Court has federal subject matter jurisdiction of Plaintiff's claims arising under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.  Upon information and belief, Defendant is subject to personal jurisdiction in the State of California as it conducts business and hires employees within the state.

3.  Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred within this judicial district.

\\\

\\\

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

# NATURE OF THE ACTION

4.  This is a class action involving wage and hour claims arising under the Federal Labor Standards Act [29 U.S.C. § 201, et seq.].  Defendant Custard Insurance Adjusters, Inc. misclassified Plaintiff and the other similarly situated insurance adjusters as exempt employees, and thus failed to properly compensate Plaintiff, and other similarly situated insurance adjusters, for overtime hours worked on Defendant's behalf.  On his own behalf, Plaintiff also alleges violations of state wage and hour statutes for overtime hours worked on Defendant's behalf and for failure to pay Plaintiff wages at termination and waiting time penalties; failure to provide Plaintiff with accurate wage statements; and, unlawful deductions from Plaintiff's wages resulting in wage forfeiture.  Plaintiff also alleges that Defendant engaged in unlawful, unfair, or fraudulent business practices for the wage and hour violations.  Lastly, Plaintiff also alleges that Defendant breached its contract with Plaintiff and breached the implied covenant of good faith and fair dealing.

# PARTIES

5.   Plaintiff Armen Abgaryan ("Plaintiff" or "Abgaryan") is an adult individual who is a resident of Orange County, California.

6.  Defendant Custard Insurance Adjusters, Inc. ("Defendant" or "Custard")  is an Indiana corporation with its principal place of business at 4875 Avalon Ridge Parkway, Norcross, Georgia 30071-4712.

7.  Custard is a privately held company that provides independent claims adjusting services to insurance companies throughout the United States.  Custard operates and maintains over 250 offices in 48 of the 50 states comprising the United States, including in California.

\\\

\\\

\\\

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-3-

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

## STATEMENT OF FACTS REGARDING
## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8.  Plaintiff was hired by Defendant as a "Commission Only Adjuster" on or about May 17, 2010.  Plaintiff remained employed by Defendant in that capacity until he resigned on or about December 15, 2016.

9.  Plaintiff's job duties included all aspects of adjusting insurance claims on behalf of Custard's customers, including, *inter alia*, responding to calls at all hours of the day and night, interviewing witnesses, assessing liability and damages, attending mandatory settlement conferences, and making recommendations as to settlement amounts.

10.  While working for Defendant, Plaintiff never earned a predetermined amount of compensation that was not subject to reduction because of variations in the quality or quantity of the work he performed.  Rather, Plaintiff was in almost all instances compensated in the form of a percentage of the amount of money Custard received from its clients for Plaintiff's services, which was determined based upon the number of hours Plaintiff spent adjusting a particular claim.

11.  By way of example, if Plaintiff spent 8 hours adjusting a claim on behalf of a Custard customer who had contracted with Custard to pay $100 per hour for adjusting services, Plaintiff would receive predetermined percentage of $800, usually approximately 50%.  In a few instances, Plaintiff was paid a fixed percentage for certain limited tasks that were performed on a flat-rate basis, i.e., completing a standard form, etc.  The flat rate, however, was calculated based upon a predetermined amount of time to be spent on those tasks negotiated between Custard and its customers as part of their service contract negotiations.

12.  Plaintiff's compensation was never decoupled from the actual time he worked for Defendant and Plaintiff never sold goods or performed services incidental to employment by a retail or services establishment.  Plaintiff was never compensated on a commission basis.

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

13.   At all relevant times, Plaintiff regularly worked in excess of eight hours per workday and 40 hours per workweek.

14.   Pursuant to Custard's policy and pattern or practice, Custard classified Plaintiff as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Custard's benefit in excess of eight hours per workday and 40 hours per workweek.

15.   Defendant failed to keep accurate records of Plaintiff's hours worked and further failed to provide Plaintiff with an accurate itemized statement in writing showing, *inter alia*, total hours worked by Plaintiff, the number of piece-rate units earned and any applicable piece-rate, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

16.   Plaintiff resigned from his employment at Custard on or about December 15, 2016.  Defendant failed and/or refused to pay Plaintiff any unpaid overtime compensation at the time of Plaintiff's resignation.

## CLASS WIDE FACTUAL ALLEGATIONS

17.   At all times relevant hereto, it has been Custard's policy and pattern or practice to deprive certain employees, including Plaintiff, of earned overtime wages by uniformly misclassifying them as exempt from federal and state overtime protections.  These employees, referred to and mislabeled by Custard and as "Commission Only Adjusters," were and/or are paid a variable hourly rate, and their compensation is based upon a combination of the number of hours they billed Custard's client (as opposed to the number of hours actually worked) and the Custard customer for whom they provided adjusting services.

18.   Custard does not pay Commission Only Adjusters a predetermined salary equivalent to at least $913 per week that is guaranteed irrespective of the number of hours worked or the quality of the work performed.  Likewise, while the job title

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

insinuates that Commission Only Adjusters are paid on a commission basis, Custard does not pay commissions to Commission Only Adjusters. Commission Only Adjusters' compensation is based upon the number of hours they work and Commission Only Adjusters are not exempt from overtime protection regardless of the nature of their job duties and responsibilities.

19. Commission Only Adjusters' payment arrangements do not vary significantly, or at all, from one Custard office to another. Regardless of the states in which they work, Commission Only Adjusters are paid on a variable hourly-rate basis and are not exempt from overtime protection no matter the nature of their job duties and responsibilities.

20. By the conduct described in this Class Action Complaint, Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay certain employees, including Plaintiff, overtime wages. These violations arise from Defendant's uniform compensation policies.

21. Plaintiff brings this case on behalf of himself and all similarly situated current and former Custard employees who performed adjusting services on behalf of Defendant and whose compensation was based upon a combination of the number of hours billed and the customer for whom adjusting services were performed, with no guaranteed salary of at least $913 per week against which compensation was drawn, who elect to opt-in to this action pursuant to the FLSA (29 U.S.C. §§ 201 et seq.), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

22. All of the work that Plaintiff, and the FLSA Collective Class members (collectively, the "Class Members") have performed has been assigned by Defendant and/or Defendant has been aware of all the work that Plaintiff and the Class Members have performed.

23. Defendant is not a retail establishment, nor does it sell goods or provide services incidental to employment in retail or service establishments. Defendant is

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

aware that at all times relevant hereto, Plaintiff and the Class Members did not sell goods or perform services incidental to employment in retail or service establishments.

24.  Defendant has determined and/or is aware of the manner in which Plaintiff and the Class Members are compensated, the basis of the calculation of that compensation, as well as the amount of that compensation. Defendant is aware that Plaintiff and the Class Members' compensation are inextricably coupled with the number of hours they worked.

25.  Plaintiff and the Class Members are not paid a salary equivalent to at least $913 per week (under the FLSA); they do not regularly receive each pay period on a weekly or less frequent basis a sufficient predetermined amount, or any predetermined amount whatsoever, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.  Rather, Plaintiff and the Class Members are paid based upon a combination of the number of hours they work and the Custard customer for whom adjusting services were performed.

26.  Upon information and belief, it has been Defendant's policy and pattern or practice to classify Plaintiff and the Class Members as exempt from coverage of the overtime provisions of the FLSA, despite the fact that these workers are not paid a guaranteed salary equivalent to at least $913 per week and are not paid on a commission basis.

27.  As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.  This policy and pattern or practice includes but is not limited to:

        a.     Willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of the Defendant;

        b.     Willfully misclassifying Plaintiff and the Class Members as

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

exempt from the requirements of the FLSA; and

          c.      Willfully failing to pay its employees, including Plaintiff and the Class Members, overtime for hours that they worked in excess of eight hours per day and 40 hours per week.

28.  Defendant was or should have been aware that it does not pay Plaintiff and the Class Members on a commission basis.  Defendant was or should have been further aware that federal law required it to pay employees who do not receive a sufficient guaranteed salary (or any guaranteed salary at all) and who are not paid on a fee basis, and who are not paid on a commission basis, an overtime premium for all hours worked in excess of eight hours per day and/or 40 hours per week.

29.  Despite the fact that Plaintiff and the Class Members do not satisfy the requirements of any overtime exemption, including but not limited to the exemptions for employees performing administrative duties and those paid on a commission basis, Defendant intentionally designated Plaintiff and the Class Members as exempt from overtime protections.

30.  Defendant's failure to pay Plaintiff and the Class Members overtime wages for their work in excess of eight hours per day and/or 40 hours per week was willful.

31.  Defendant's unlawful conduct has been widespread, repeated and consistent.

## COLLECTIVE ACTION ALLEGATIONS

32.  Plaintiff brings FLSA claims, the First Claim for Relief, on behalf of himself and all similarly situated current and former Custard employees who performed adjusting services on behalf of Defendant and whose compensation was based upon a combination of the number of hours billed and the customer for whom adjusting services were performed, with no guaranteed salary of at least $913 per week against which compensation was drawn, who elect to opt-in to this action (the "FLSA Collective Class").

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

33.  Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Class by failing and/or refusing to pay them overtime compensation.  The FLSA claims in this lawsuit should be adjudicated as a collective action.

34.  Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

[Violations of the Fair Labor Standards Act, 29 U.S.C., §§ 201 et seq.]

[Plaintiff and the FLSA Collective Class Against Defendant]

35.  Plaintiff re-alleges and incorporates herein by reference all allegations in all preceding paragraphs.

36.  Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

37.  At all relevant times, Plaintiff and the members of the FLSA Collective Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

38.  The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective Class.

39.  Defendant was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

-9-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

40.  At all relevant times, Plaintiff and the members of the FLSA Collective Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

41.  Custard employed Plaintiff and the members of the FLSA Collective Class as an employer and/or a joint employer.

42.  Defendant failed to pay Plaintiff and the members of the FLSA Collective Class the overtime wages to which they are entitled under the FLSA.

43.  Defendant failed to keep accurate records of the actual time worked by Plaintiff and the members of the FLSA Collective Class.

44.  Defendant's violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

45.  Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective Class.

46.  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47.  As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, civil penalties, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, et seq.

## SECOND CLAIM FOR RELIEF

[Violations of California Labor Code §§ 510 and 1198 and Industrial Welfare Commission Regulations, 8 C.C.R. § 11040 for Failure to Pay Overtime Wages]

[Plaintiff Against Defendant]

48.  Plaintiff re-alleges and incorporates herein by reference all allegations in

-10-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

all preceding paragraphs.

49.  Defendant engaged in a widespread pattern, policy and practice of violating the California labor law (Cal. Labor Code §§ 200 et seq.) and the supporting Industrial Welfare Commission regulations (collectively "CLL").

50.  At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of the CLL.  Plaintiff is covered by the CLL.

51.  Custard employed Plaintiff an employer and/or a joint employer.

52.  At all relevant times, Plaintiff worked in excess of eight hours per workday, in excess of 12 hours per workday, and in excess of 40 hours per workweek.  Plaintiff was not paid at least two times the California minimum wage.

53.  Defendant failed to pay Plaintiff overtime wages to which he was entitled under California Labor Code §§ 510 and 1198 and the supporting California Industrial Welfare Commission Regulations, at 8 C.C.R. § 11040.  Defendant failed to pay Plaintiff for overtime at a wage rate of one and one-half times his regular rate of pay for all hours worked in excess of eight hours per workday but less than 12 hours per workday and 40 hours per workweek, and double his regular rate of pay for all hours worked in excess of 12 hours per workday.

54.  Defendant's violations of the CLL have been willful and intentional. There is no good faith dispute that wages are due and owing to Plaintiff.

55.  Due to Defendant's violations of the CLL, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### **THIRD CLAIM FOR RELIEF**

[Violations of California Labor Code § 201, 204, 218.5, 223

for Failure to Pay Wages Due Upon Termination; Waiting Time Penalties]

[Plaintiff Against Deendant]

56.  Plaintiff re-alleges and incorporates herein by reference all allegations in

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-11-

all preceding paragraphs.

57. California Labor Code § 201 provides "that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due d payable immediately."

58. California Labor Code § 202 provides that if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to qui, in which case the employee is entitled to his or her wages at the time of quitting.

59. California Labor Code § 203 provides that if an employer willfully fails to pay in accordance with, *inter alia*, sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid, but not for more than 30 days.

60. Plaintiff was discharged on December 15, 2016. Defendant failed to pay Plaintiff all wages earned by him throughout his employment with Defendant.

61. Plaintiff is informed and believes and based thereon alleges that during the relevant time period, Defendant knowingly and intelligently failed to pay all wages owed within the time limits proscribed by Cal. Labor Code section 203 to Plaintiff.

62. As a consequence for Custard's failure to pay wages earned by Plaintiff at the time of discharge, Plaintiff seeks waiting time penalties for all wages due and unpaid at the time of discharge. Custard's failure, as alleged hereinabove, to pay wages, was willful and intentional and Plaintiff, is thus entitled to penalties under Cal. Labor Code § 203.

63. Pursuant to Cal. Labor Code § 203, Plaintiff is entitled to 30 days worth of wages as a penalty plus attorneys' fees and costs. Plaintiff is further entitled to an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

\\\

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA. 91711

Original document produced
on recycled paper.

# FOURTH CLAIM FOR RELIEF

[Violations of California Labor Code § 226

for Failure to Provide Accurate Wage Statements]

[Plaintiff Against Defendant]

64.  Plaintiff re-alleges and incorporates herein by reference all allegations in all preceding paragraphs.

65.  The CLL requires every employer to furnish to its employees an accurate itemized wage statement in writing, evidencing, *inter alia*, the total hours worked and all applicable hourly rates.

66.  As set forth in detail in this Class Action Complaint, Defendant has intentionally and willfully failed and/or refused to provide Plaintiff with complete and accurate wage statements.  The deficiencies include, without limitation, the failure to accurately list the total hours worked by Plaintiff, the failure to list the applicable hourly rates for each hour worked, including a failure to list the applicable overtime hourly rate, and the failure to list any flat rates for the performance of certain tasks.

67.  As a result of Defendant's violations of Cal. Labor Code § 226, Plaintiff has suffered injury and damage to his statutorily protected rights.  Specifically, Plaintiff was denied his legal right to receive and their protected interest in receiving accurate, itemized wage statements.

68.  As a result of Defendant's wrongful conduct, Plaintiff is entitled to recover from Defendant the greater of his actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), caused by Defendant's failure to comply with Cal. Labor Code § 226, and reasonable attorney's fees.

\\\

\\\

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

# FIFTH CLAIM FOR RELIEF

[Violations of California Labor Code §§ 221, 2802

for Unlawful Deductions from Wages Resulting in Wage Forfeiture]

[Plaintiff Against Defendant]

69.  Plaintiff re-alleges and incorporates herein by reference all allegations in all preceding paragraphs.

70.  Pursuant to Cal. Labor Code § 2802, requiring employees to expend monies or indemnify their employer for losses in direct consequence of the discharge of their duties is unlawful.  Pursuant to Cal. Labor Code § 221, it is also unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.  This provision was enacted in order to prevent employers from utilizing secret deductions or kickbacks to pay employees less than their stated wages.  The California Labor Code also reflects the strong policy of ensuring that employees are paid fully and promptly for their efforts.

71.  Plaintiff is informed and believes and based thereon alleges that throughout his employment, Defendant had in place a policy, practice and procedure of deducting approximately 24% from Plaintiff's total hourly-billed services before he was paid his wages.  The terms of Plaintiff's employment agreement set forth herein indicate that Plaintiff was to be paid "50% of [the adjuster's] own worked and billed services." However, Custard was siphoning off the amount of approximately 23% from adjusters' total billed services before calculating the 50% amount, unbeknownst to Plaintiff.

72.  Plaintiff is informed and believes and based thereon alleges that Custard was unlawfully using a part of Plaintiff's earned wages to cover Defendant's claimed business expenses incurred not related to the discharge of Plaintiff's individual duties.

73.  Pursuant to Cal. Labor Code § 221, Plaintiff is entitled to recover for the initial violation, $100, and for each subsequent violation, or any willful or intentional

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-14-

violation, $200, for each failure to pay him, plus 25% of the amount unlawfully withheld.

74.   As a result of the unlawful acts of Defendant, Plaintiff has been deprived of actually earned but unpaid wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

[Violations of California Business and Professions Code § 17200, et seq.

for Unlawful, Unfair, or Fraudulent Business Practices]

[Plaintiff Against Defendant]

75.   Plaintiff re-alleges and incorporates herein by reference all allegations in all preceding paragraphs.

76.   Plaintiff, on behalf of himself and the general public, brings this claim pursuant to Business & Professions Code §§ 17200, et seq.  Defendant's conduct as alleged herein has been and continues to be unfair, unlawful, and harmful to Plaintiff and general public.

77.   Business & Professions Code §§ 17200, et seq. ("UCL") define unfair competition to include any "unfair," "unlawful," or "fraudulent" business practices.

78.   At all times relevant hereto, the UCL was in full force and effect and binding on Custard.

79.   Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this Claim for Relief for injunctive relief, restitution, and other appropriate equitable relief.

80.   Defendant has violated section 17200's prohibition against unlawful acts or practices by, among other things:

      a.     Failing to provide full, adequate, and itemized wage statements, in violation of Cal. Labor Code § 226;

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-15-

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

b.    Engaging in the pattern and practice of making unlawful deductions from Plaintiff's earned wages, in violation of Cal. Labor Code § 221;

c.    Failing to pay Plaintiff all wages, earned and owing, in violation of Cal. Labor Code §§ 201, 204 and 210;

d.    Engaging in a pattern and practice of deceit by making secret illegal deductions from Plaintiff's earnings.

81.    Defendant's practices of willful misclassification of its employees as exempt from overtime, non-payment of overtime compensation to its employees and failure to provide full, adequate and accurate itemized wage statements were unlawful and unfair.

82.    Defendant's practices violate public policy, have deprived Plaintiff of valuable rights and benefits guaranteed by law to their substantial detriment and to Defendant's benefit, and allow Defendant to unfairly compete against competitors who comply with the law.

83.    Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business acts or practices.

84.    Section 17200 also prohibits any "fraudulent...business act or practice." As detailed herein, Defendant's conduct was likely to deceive Plaintiff and the public.

85.    Defendant employs over 600 employees, who spearhead Custard's operations of risk management and claims services.  Custard charges an hourly rate for their services to their customers.  Pursuant to Plaintiff's employment agreement, Custard adjusters, including Plaintiff, are to be paid 50% of their total hourly-billed services.  Defendant engaged in a practice contrary to the employment agreement by secretly and fraudulently deducting expenses from the adjusters' total hourly-billed services before computing Plaintiff's 50% entitlement.

86.    Defendant has made misrepresentations about its payment scheme, and Defendant knew its scheme was likely to be deceptive and misleading to Plaintiff, concealing the true and accurate paperwork calculating Plaintiff's actual earned

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-16-
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

wages and the deductions formula.  Plaintiff was under the false impression that he was receiving 50% of his total hourly-billed services, as there was no way to decipher that Defendant was taking deductions from the hourly-billed services before computing Plaintiff's wages.

87.  Through the conduct alleged in this Complaint, Defendant has acted contrary to California public policy, have violated various provisions of the Cal. Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §§ 17200, et seq., which conduct has deprived Plaintiff and all interested persons of the rights, benefits and privileges guaranteed to all employees under law.

88.  Due to Defendant's unfair competition, Plaintiff is entitled to such relief as may be necessary to restore the money and property which Defendant has acquired, or of which Plaintiff has been deprived, including restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this Class Action Complaint, a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiff, an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law, and an award of costs.

89. Unless Defendant is enjoined from continuing to engage in the unlawful, deceptive and unfair business practices described above, members of the general public residing within the United States, including California, will continue to be damaged.  Defendant will continue to engage in such unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including an injunction to prevent the use by Defendant or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to restitution to the Plaintiff and the disgorgement of such profits as may be necessary to restore Plaintiff to the wages Defendant have unlawfully failed to pay.

90.  As a proximate result of the above-mentioned acts of Defendant, Plaintiff

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-17-

has been personally injured insofar as he has lost money and/or property in a sum to be proven at trial.

91.  Plaintiff is entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5 because: (a) this action confers a significant benefit to a large class of persons impacted by the practices alleged herein; (b) the necessity and financial burden of private enforcement makes the award appropriate; and (c) such fees such not in the interest of justice be paid out of the recovery to Plaintiff.

## SEVENTH CLAIM FOR RELIEF

[Breach of Contract]

[Plaintiff Against Defendant]

92.  Plaintiff reasserts and realleges paragraphs 1 through 16 of this Complaint, inclusive, and incorporates them by reference herein as through set forth in full.

93.  As alleged herein, Plaintiff and Defendant entered into an employment agreement whereby Defendant agreed to pay Plaintiff 50% of his own worked and billed services. Said agreement was both oral and written.

94.  Plaintiff performed all of the conditions and promises required to be performed in accordance with the terms and condition of his contract, by executing his duties as a Custard insurance adjuster.

95.  Defendant breached the employment agreement by failing to pay Plaintiff pursuant to the promises and obligations set out in Plaintiff's employment agreement. Defendant failed to properly calculate Plaintiff's compensation, improperly withheld monies due to Plaintiff and failed to inform or otherwise disclose the manner in which Plaintiff's compensation was being calculated.  In particular, Defendant improperly withheld deductions from Plaintiff's total hourly-billed services before calculating his 50% entitlement.  This resulted in Plaintiff not receiving the 50% entitlement from his total hourly-billed services are required under the employment agreement.

96.  Plaintiff did not know, nor have any reason to know, that Custard was

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

secretly deducting business expenses from adjusters' total hourly-billed services. Custard maintained separate records in their offices showing billing rates to its customers, which were inaccessible to Plaintiff.  Plaintiff is informed and believes and based thereon alleges that these records reveal Defendant's deceitful scheme and the formula used to take illegal deductions from Plaintiff's earnings.

97.  Defendant has therefore breached its employment agreement with Plaintiff, who has been damaged in substantial sums to be determined at trial.  Plaintiff is also entitled to compensatory damages within the last four years in sums according to proof, plus interest on all sums.

## EIGHTH CLAIM FOR RELIEF

[Breach of the Implied Covenant of Good Faith and Fair Dealing]

[Plaintiff Against Defendant]

98.  Plaintiff reasserts and realleges paragraphs 1 through 16, and 93 through 97, of this Complaint, inclusive, and incorporates them by reference herein as through set forth in full.

99.  Every contract includes a covenant of good faith and fair dealing.  The parties to a contract are under an obligation to refrain from doing anything that will deprive the other party from obtaining the benefits they are due under the terms of the contract.

100.  The employment relationship established between Defendant and the Plaintiff, as parties to the employment agreement, created a duty, implied in law, to deal fairly with Plaintiff and in good faith.  In every contract, there is an implied obligation of good faith and fair dealing that the employer will not do anything to inure the right of the employee to receive the benefits of the agreement.  To fulfill its implied obligation of good faith and fair dealing, an employer must fulfill its promises in the contract.  Defendant breached that duty of good faith and fair dealing in several ways, including but not limited to the following:

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

**-19-**

a.    Failing to compensate Plaintiff his full wages as promised by the employment agreement;

b.    Taking illegal deductions from Plaintiff's total hourly-billed services before calculating Plaintiff's 50% entitlement;

c.    Failing to list all deductions made from adjusters' total hourly-billed services on Plaintiff's wage statements;

d.    Concealing the formula used to make hidden deductions from adjusters' total hourly-billed services by ensuring that the formula and documents revealing the scheme were inaccessible to Plaintiff;

e.    Authorizing and encouraging district office personnel to engage in the deceptive practice of deducing improper expenses from adjusters' total hourly-billed services before calculating Plaintiff's wages;

f.    Disregarding the terms, written or implied, in the employment agreement by creating an alternative payment scheme unbeknownst to Plaintiff;

g.    Engaging in willful and deliberate deceit in failing to pay Plaintiff for all wages earned; and,

h.    Contravening the spirit of good faith and fair dealing.

101.    As a proximate result of the aforementioned acts and omissions of Defendant, Plaintiff suffered damages in a sum to proven at the time of trial. It has also become reasonably necessary for Plaintiff to retain counsel to recover amounts due under the contract.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

### Class Certification

1. That, at the earliest possible time, the FLSA Collective be designated a

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

1  collective action and notice issued pursuant to 29 U.S.C. § 216(b) to all similarly

2  situated individuals with instructions to permit them to assert timely FLSA claims in

3  this action by filing written consents to sue pursuant to 29 U.S.C. § 216(b);

4      2.  That Plaintiff be appointed as the representative of the FLSA Collective

5  Class;

6      3.  That counsel for Plaintiff be appointed as class counsel;.

7

8  **First Claim for Relief**

9      4.  For unpaid wages at overtime wage rates to Plaintiff and the Collective

10 Class;

11     5.  For liquidated damages equal to the amount of unpaid compensation to

12 Plaintiff and the Collective Class;

13     6.  For pre-judgment interest on any unpaid overtime compensation from the

14 date such amounts were due to Plaintiff and the Collective Class;

15     7.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to

16 the FLSA;

17     8.  For such other and further relief as the Court may deem just and proper;

18

19 **Second Claim for Relief**

20     9.  That the Court declare, adjudge and decree that Defendant violated Cal.

21 Labor Code §§ 510 and 1198 and applicable Industrial Welfare Commission

22 regulations by willfully failing to pay all overtime wages due to Plaintiff;

23     10.  For general unpaid wages at overtime rates and such general and special

24 damages as may be appropriate;

25     11.  For pre-judgment interest on any unpaid overtime compensation

26 commencing from the date such amounts were due;

27     12.  For reasonable attorneys' fees and costs of suit pursuant to Cal. Labor

28 Code § 1194(a);

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-21-

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

13.  For such other and further relief as the Court deems just and proper.

**Third Claim for Relief**

14.  That the Court declare, adjudge and decree that Defendant violated Cal. Labor Code § 201 by failing to pay wages earned by Plaintiff;

15.  For waiting time penalties for Plaintiff for all wages due and unpaid at the time of termination, pursuant to Cal. Labor Code § 203;

16.  For an accounting and payment of all wages due, plus pre-judgment interest thereon;

17.  For reasonable attorneys' fees and costs of suit pursuant to Cal. Labor Code § 1194(a);

18.  For such other and further relief as the Court deems just and proper;

**Fourth Claim for Relief**

19. That the Court declare, adjudge and decree that Defendant violated the record-keeping provisions of Cal. Labor Code § 226(a) and applicable Industrial Welfare Commission regulations by willfully failing to provide compliant wage statements to Plaintiff;

20. For  all actual, consequential and incidental losses and damages suffered by Plaintiff, according to proof;

21. For statutory penalties to Plaintiff, pursuant to Cal. Labor Code § 226(e) for Defendant's knowing and intentional failure with Cal. Labor Code §226(a);

22.  For reasonable attorney's fees and costs, pursuant to Cal. Labor Code § 226(e)(1);

23.  For such other and further relief as the Court deems just and proper;

**Fifth Claim for Relief**

24. For waiting time penalties for all wages due and unpaid to Plaintiff, pursuant to Cal. Labor Code § 203;

-22-

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

25. For reasonable attorneys' fees and costs;

26. For such other and further relief as the Court deems just and proper;

**Sixth Claim for Relief**

27.  That the Court declare, adjudge and decree that Defendant violated Cal. Bus. & Prof. Code §§ 17200, et seq. by failing to provide Plaintiff all of the overtime compensation due to him, failing to provide compliant wage statements, and failing to timely pay all earned wages upon termination and during employment;

28.  For restitution of all unpaid wages to Plaintiff, and pre-judgment interest from the date such amounts were due and payable;

29. For reasonable attorneys' fees and costs of suit pursuant to Cal. Code of Civil Procedure § 1021.5;

30. For such other and further relief as the Court deems just and proper;

**Seventh Claim for Relief**

31. For compensatory damages to Plaintiff  in a sum according to proof;

32. For pre-judgment interest from the date such amounts were due and payable;

33. For costs of suit herein;

34. For such other and further relief as the Court deems just and proper;

**Eighth Claim for Relief**

35. For compensatory damages to Plaintiff  in a sum according to proof;

36. For pre-judgment interest from the date such amounts were due and payable;

37. For costs of suit; and,

38. For such other and further relief as the Court deems just and proper.

\\\

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA  91711
Original document produced
on recycled paper.

-23-

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**

1   Dated: October 23, 2017                Greg K. Hafif
2                                         Michael G. Dawson
**LAW OFFICES OF HERBERT HAFIF, P.C.**

3                                         Larry A. Sackey
**LAW OFFICE OF LARRY A. SACKEY**

4
5                                         William Litvak
Eric P. Markus
**DAPEER, ROSENBLIT & LITVAK, LLP**

6
7
8                                         By: _____/S/_____
                                            Greg K. Hafif

9                                         Attorneys for Plaintiff,
ARMEN ABGARYAN, individually
and on behalf of all others similarly situated

10

11 **DEMAND FOR JURY TRIAL**

12       Plaintiff hereby demands a jury trial on behalf of himself and the FLSA

13 Collective Action Class.

14 Dated: October 23, 2017                Greg K. Hafif
15                                           Michael G. Dawson
**LAW OFFICES OF HERBERT HAFIF, P.C.**

16                                           Larry A. Sackey
**LAW OFFICE OF LARRY A. SACKEY**

17
18                                         William Litvak
Eric P. Markus
**DAPEER, ROSENBLIT & LITVAK, LLP**

19

20                                         By: _____/S/_____
21                                           Greg K. Hafif

22                                         Attorneys for Plaintiff,
ARMEN ABGARYAN, individually
and on behalf of all others similarly situated

23
24
25
26
27
28

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced
on recycled paper.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[CLASS ACTION]; DEMAND FOR A JURY TRIAL**